Oscar Campbell v. The State.

No. 6640.   Decided April 12, 1922.

Rehearing Denied May 17, 1922.

1.—Intoxicating Liquor—Manufacture—Alibi—Warrant.

Where no question was raised with reference to the sufficiency of the warrant or its contents, the objection against the testimony as to the search warrant was properly overruled.

2.—Same—Evidence—Res Gestae.

Upon trial of unlawful manufacture of intoxicating liquors, there was no error in admitting testimony by the sheriff that the keg or barrel which he found in the barn contained beer, although there was also evidence that it contained bran, meal, sugar, and other matters, all this testimony being *res gestae.*

3.—Same—Evidence—Alibi—Hearsay.

Where part of his alibi claimed by defendant was that he was at the home of a certain friend, and the rejected testimony was simply hearsay as to this matter, there was no reversible error in refusing it.

4.—Same—Evidence—Bill of Exceptions—Remark of Court.

Where the bill of exceptions did not disclose what testimony was given in answer to a question as to whether defendant had been indicted, same

cannot be considered on appeal, nor can the remark of the court, as quali-
fied by the bill of exceptions.

**5.—Same—Evidence—Practice in Trial Court—Limiting Charge.**

Where defendant introduced testimony that the sheriff had made state-
ments elsewhere different as to that made in the trial as to the identity of
the defendant, which the court limited in his charge to questions of im-
peachment, there was no error.

**6.—Same—Argument of Counsel—Bill of Exceptions.**

Where the bill of exceptions failed to embrace the surrounding facts
sufficiently, to show that the argument of state's counsel was error, the
same cannot be considered on appeal.

**7.—Same—Sufficiency of the Evidence—Date of Offense.**

Where, upon trial of unlawfully manufacturing intoxicating liquors,
the State fixed the time of the offense for the 14th of February, etc., and
there was no denial on the part of defendant, that he was present at the
still at the time the liquor was manufactured, and his alibi did not con-
trovert the time fixed by the State, the conviction was sustained.

Appeal from the District Court of Titus. Tried below before the
Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully manufacturing intoxicat-
ing liquor; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Wilkinson & Cook,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful
manufacture of intoxicating liquor.

According to the State's testimony, the sheriff procured a search
warrant and went to the premises of the appellant and searched his
house, and finding nothing material there, he searched his barn where
he found a barrel or keg of what the sheriff denominated as "beer."
About three-quarters of a mile from appellant's barn was found his
still, which was suitable for manufacturing intoxicating liquor. The
still was in operation and appellant and others were present. Ap-
pellant fled but dropped a sack, which was on his shoulder, containing
several half gallon jugs of whisky.

The defense was an alibi. Against the testimony that a search
warrant was obtained, objection is urged that the warrant would be
the best evidence. If the contents of the warrant were in issue,
doubtless the objection would be tenable. No question is raised,
however, with reference to the sufficiency of the warrant or its con-
tents. The sheriff said that he procured one and searched the

premises. We think the evidence was not subject to the objection urged against it.

The conclusion of the sheriff that the keg or barrel which he found in the barn contained beer was combatted, there being evidence that it contained bran, meal, sugar and other matters, and there was also evidence introduced that it was hog feed. The sheriff admitted that it was sweet. The evidence touching the contents of the keg was not irrelevant upon the issues involved. The description of its contents was such as to leave the inference, at least, that it was suitable for use as mush antecedent to the manufacture of the liquor. The matter was res gestae.

As shown by the court's qualification to the bill of exceptions, the testimony which the appellant sought to elicit by his question to Oliver Buchanan was hearsay and properly rejected as such. As part of his alibi, he claimed to have been at the home of Buchanan. As shown by the bill, "the witness would have answered that he understood that it was the intention of the defendant to go to Oliver Buchanan's on that day and he saddled his horse early in the morning for that purpose." Qualifying it, the court said: "Witness testified that all he knew about where defendant was going that morning was what the defendant told him and this testimony was excluded because it was purely hearsay."

Appellant, on cross-examination, was asked if he had not been indicted and attended court down in Shreveport, Louisiana. The bill does not disclose that the question was answered. In passing upon appellant's objection to it, the court remarked that it was applicable to his suspended sentence, and qualified the bill with the statement that the testimony would be limited to that issue. As stated above, the bill does not disclose what testimony was given in answer to the question. We think the comment is not a violation of the statute inhibiting the comment of the judge upon the weight of the evidence. It was an indication that he would limit the evidence to the issue upon which he considered it relevant.

Appellant introduced testimony to the effect that the sheriff had made statements out of court to the effect that he could not identify the appellant as one of the persons connected with the offense. This was contradictory to the testimony of the sheriff upon the trial. We discern no error in the action of the court in limiting the testimony touching the statements out of court to the issue that they might be used only for impeachment purposes.

Bill No. 8 complains that, in argument, the State's attorney told the jury:

"It don't make any difference if the defendant is charged with making liquor on the 14th day of February, and that you believe every word that the defense witness say, he could yet be guilty, because he is charged on or about the 14th of February, and any time within the last three years would be sufficient."

Though objection was made to this argument, the surrounding facts sufficient to show that it was inapplicable are not embraced in the bill. In fact, there are no surrounding facts stated.

In opening the case, the State's witnesses fixed the time at which they found appellant in the act of manufacturing intoxicating liquor as the 14th day of February. Appellant testified that on the 14th day of February, he left his home at about 7:30 or 8:00 o'clock in the morning and went on horseback to the home of Oliver Buchanan; that he did not return to his home until after sundown. We do not find in his testimony any denial that he had manufactured the liquor or that he was not present at the still at the time he manufactured the liquor, but his testimony is to the effect of establishing an alibi upon a particular day—the 14th of February. In rebuttal, the State introduced testimony to the effect that the witnesses were not certain as to the exact date upon which they found the still; that it was near the 14th day of February.

Finding no error warranting a reversal, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 17, 1922.

HAWKINS, JUDGE.—Question is raised in the motion for rehearing that we must have misunderstood the purport of the matters presented in the bills of exception. We have again examined them, and think we correctly appraised the issues, and properly disposed of them.

The motion for rehearing is overruled.

*Overruled.*