## ELMO GREEN V. THE STATE.

No. 9922.   Delivered March 17, 1926.

Rehearing denied May 19, 1926.

**1.—Manufacturing Intoxicating Liquors—Peremptory Instruction—Properly Refused.**

Where, on a trial for the manufacture of intoxicating liquor, the evidence disclosing that officers found on a search of appellant's premises, two gallons of whiskey buried under the shed, and some barrels which contained mash in a cellar dug in the barn, a still and several barrels in a tank, and other equipment on his premises which appeared to have been used for the purpose of manufacturing whiskey. We cannot say that the trial court on this testimony committed a reversible error in failing to charge the jury to acquit the defendant.

**2.—Same—Search Warrant—Secondary Evidence—When Admissible.**

Where the state proved that a search warrant had been issued to search the premises of appellant, but that same had been lost, no objection being raised to the sufficiency of the search warrant. There was no error in admitting proof of what was found on appellant's premises as a result of the search.

**3.—Same—Evidence Res Gestae—Properly Admitted.**

Statements made by appellant to the officers at the time of his arrest that he was renting the place on which the whiskey and equipment was found, were res gestae, and properly admitted.

### ON REHEARING.

**4.—Same—Search Warrant—Bill of Exception—Qualification of Court.**

Where appellant complains of the failure of the state to introduce the search warrant before introducing testimony of the result of the search, and the court qualifies his bill with the statement that the warrant was issued, and the sheriff's return made thereon, but had been lost, appellant was bound by the court's qualification. The loss of the search warrant being established, secondary evidence of its contents became admissible.

Appeal from the District Court of Randall County. Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Pearson & Manning* of Amarillo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Randall County for the offense of unlawfully manufacturing intoxicating liquor, and his punishment assessed at two years in the penitentiary.

The appellant was charged in the first count with manufacturing intoxicating liquor, and in the second count with the possession for the purpose of sale, intoxicating liquor; the conviction was on the first count.

The record discloses that the officers in searching the premises of the appellant, found buried under the shed, about two gallons of whiskey, and some barrels which contained mash, in a cellar dug in the barn, and several barrels were discovered in the tank and a still which had been thrown therein, and It was the contention of the State that the appellant was connected with the manufacturing of the whiskey found on said premises, and was responsible for same being manufactured. It was the appellant's contention, and he took the stand and so testified, that while he was away delivering cattle for a period of about 10 days, that upon his return, he discovered his hired hand, whom he left in charge of said premises, was in an intoxicated condition, and that whiskey had been manufactured upon his premises; and he thereupon ordered him to get rid of the barrels and equipment, go with him to town at once, and discharged him that day. This is a sufficient statement of the facts as a basis of this opinion.

Appellant complains of the refusal of the court to give an instructed verdict in his favor, as set out in special charge No. 1; and in refusing his special charges Nos. 3, 5 and 6. There was no error in refusing to give peremptory instructions under the facts of this case, and said special charges 3, 5 and 6, refer to the second count in the indictment, which was eliminated from this case by the jury's finding the defendant guilty on the first count.

Bills of exceptions 5, 7, 8, 9, 11 and 13 complain of the action of the court in permitting the state's witnesses to testify concerning their actions and what they found on said premises, because the record discloses that a search warrant was obtained to search said premises, and same was the best evidence,

and the State had not laid the proper predicate, showing the loss of same, and it was error to permit secondary evidence relating to the search warrant in question. The court in qualifying bill 5 states that it was shown by evidence that a search warrant authorizing a search of the premises was issued and evidence sufficiently showed he believed its loss, and secondary evidence was admissible. At any rate, we think the authority cited by the attorneys for this court, Campbell v. State, 240 S. W. 937, is in point, to the effect that where there is no question raised as to the sufficiency of the contents of the search warrant, that there was no error in admitting the testimony of the sheriff to the effect that he procured a search warrant and searched appellant's premises, against an objection that the search warrant itself was the best evidence.

Special charges Nos. 2 and 4, we think were fully covered, under the facts of this case, in the court's general charge, and there was no error in refusing to submit same to the jury.

Bill 6 complains of the action of the court in permitting the officer to testify that the defendant told him he was renting the place in question, because it is contended that he was under arrest at said time. The bill as presented shows no error.

Bill 3 complains of the action of the district attorney in his closing argument to the jury. This bill as presented shows no error in the action of the court in his ruling thereon.

After a careful examination of the entire record, we fail to find any reversible error, and are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that we were in error in holding that his bill of exception number five did not present error in view of Article 319, C. C. P., 1925 Revision, which provides that an officer executing a search warrant "shall give notice of his purpose." It is not necessary here to discuss what would be the effect of a failure of such officer to give notice of his purpose to search because the bill in question does not raise that point. There is no question but that the officer

had a search warrant and made his return thereon, and that it had been lost. When he undertook to testify as to the result of his search the objection interposed as shown by said bill was that the search warrant was the best evidence and none had been introduced; that the witness had no right to search without a warrant and the State should therefore prove the issuance, service and loss of the same before the witness could be permitted to testify. In qualifying the bill the court says it was shown that a warrant authorizing the search had been issued, and in the judgment of the court sufficient evidence had been presented showing its loss. The point now raised by appellant was not made at the time of trial. It is not affirmatively shown in said bill that the officer did not give notice of his purpose. It does appear from the statement of facts that appellant was away from home at the time the officers reached his premises and did not return for some two hours. A young man by the name of Faulkner was the only person on the premises. The officers did inform Faulkner of their purpose to make the search and he told them he did not have anything to do with it but to go ahead. The search had been made before appellant returned. We find no foundation either in the bill or the statement of facts for the complaint now made.

The motion for rehearing is overruled.

*Overruled.*